IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT JAY DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO. 5:12-CV-328-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Sheriff TERRY DEESE, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

Plaintiff Robert Jay Davis, a prisoner at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). Along therewith, Plaintiff filed a motion to proceed *in forma pauperis* in this action (ECF No. 2). Additionally, Plaintiff's Complaint is subject to preliminary review as explained below.

## DISCUSSION

**I.   Request to proceed *in forma pauperis***

Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00. The Clerk of Court is directed to send a copy of this Order to the business manager of Valdosta State Prison. It is further ordered and directed that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event

Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II.     Preliminary Review

### A.     Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

3

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See*

4

*Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a §1983 complaint because factual allegations were insufficient to support alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in "1915A "shall" be dismissed on preliminary review).

    B.    <u>Statement and Analysis of Claims</u>

Plaintiff complains that he was arrested in Peach County Georgia on April 20, 2010. He alleges that he was incarcerated in the Peach County Jail for one night. Plaintiff states that his only pending criminal charges were from Peach County. However, according to Plaintiff, Sheriff Terry Deese and District Attorney Jimmy Jones "agreed to move [him] to [the] Bibb County Jail to punish [him]." (Compl. 4.) Plaintiff alleges that from April 2010 until March 2011, he was physically abused by inmates at the Bibb County Law Enforcement Center. Plaintiff states that he, his family members, and various officials at the Bibb County Law Enforcement Center requested that he be returned to the Peach County Jail. According to Plaintiff, Sheriff Terry Deese would not let him return because he wanted to punish Plaintiff. Plaintiff maintains that Sheriff Deese and District Attorney Jones (who is allegedly friends with the victim named in Plaintiff's aggravated stalking charge) made him remain in the Bibb County Law Enforcement Center for eleven months solely to punish him.

According to information contained on Plaintiff's Complaint, he was convicted for aggravated stalking and escape and received a 15 year sentence on September 6, 2011.

(Compl. 1.)  Therefore, it appears that during the time about which Plaintiff complains—April 2010 to March 2011[1]—he was a pretrial detainee.

It is well established that there is no constitutional right to remain housed in any particular prison or region or be transferred to a penal institution of one's own choosing. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution.").  However, under the Due Process Clause of the Fourteenth Amendment, "states may not punish pretrial detainees at all prior to their lawful conviction of a crime."  *Hamm v. DeKalb Cnty.,* 774 F.2d 1567, 1572 (11th Cir. 1985); *Bell v. Wolfish,* 441 U.S. 520, 536 (1979).  When determining whether a particular disability or condition accompanying pretrial detention amounts to punishment, the Supreme Court has advised as follows:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination will generally turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it.  Thus, if a

---

[1] It is possible that some of the actions about which Plaintiff complains fall outside of the applicable two-year statute of limitations.  However, Plaintiff alleges the unconstitutional actions continued until March 2011.  "To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar'."  *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001).  Given the continuing nature of the alleged unconstitutional conduct, the Court cannot determine "beyond a doubt" that plaintiff's § 1983 action would be barred by the statute of limitations.  *Id.*

> particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees.

*Bell*, 441 U.S. at 538-39 (citations and internal quotation marks omitted).

The Eleventh Circuit has explained that officials may not punish a detainee by transferring him to a particular facility or housing him in a particular part of a facility. *McMillian v. Johnson*, 88 F.3d 1554, 1564-65 (11th Cir. 1996) (explaining that the Due Process Clause prohibits a detainee from being housed on death row if the sole purpose for the housing is punishment). At this stage in the litigation, the Court must construe the Complaint liberally and must assume that Plaintiff's assertions are true. Therefore, the Court cannot, at this time, find that Plaintiff's claim of pretrial punishment is frivolous or find that he has failed to state a claim upon which relief may be granted.

Plaintiff alleges that District Attorney Jones acted with Sheriff Deese to have him moved to the Bibb County Law Enforcement Center in order to punish him. Absolute prosecutorial immunity extends to many prosecutorial activities. "State prosecutors are entitled to absolute immunity from damages under Section 1983 for all acts 'intimately associated with the judicial phase of the criminal process'." *Mullinax v. McElhenney*, 817 F.2d 711, 714 (11th Cir. 1987) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This would encompass all acts involved in the initiation and prosecution of criminal suits. *Id*. at 715. However, absolute immunity does not extend to "acts done as an 'administrator or investigative officer rather than an advocate'." *Id.* (quoting *Imbler*,

424 U.S. at 430-31). It is not clear that a prosecutor's role as an advocate would extend to any determination regarding pretrial housing. Therefore, taking all of Plaintiff's allegations as true, the Court cannot find that Defendant Jones is entitled to the protection of prosecutorial immunity.

It is thus **ORDERED** that service be made against Defendants Sheriff Terry Deese and District Attorney Jimmy Jones and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## ORDER FOR SERVICE

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions

as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the plaintiff, a state/county prisoner, may be taken at

any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant(s) (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each Defendants' answer(s) or dispositive motion(s) (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, interrogatories may not exceed TWENTY-FIVE (25) to each party, requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

SO ORDERED this 29th day of August, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE