IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT J. DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO. 5:12-CV-328-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Sheriff TERRY DEESE, et. al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendant Jones' motion to dismiss (ECF No. 19), Defendant Deese's motion for summary judgment (ECF No. 26), and Plaintiff's motions for appointment of counsel (ECF Nos. 8, 18), for a preliminary injunction (ECF Nos. 12, 14), and for copies (ECF No. 35). For the reasons explained below, Plaintiff's motions for appointment of counsel and for copies are denied. Defendants' motions should be granted and Plaintiff's motion for a preliminary injunction should be denied as moot.

### BACKGROUND

Plaintiff complains that he was arrested in Peach County, Georgia on April 20, 2010. (Compl. 4.) He alleges that he was incarcerated in the Peach County Jail for one night. Plaintiff states that his only pending criminal charges were from Peach County. However, according to Plaintiff, Sheriff Terry Deese and District Attorney Jimmy Jones "agreed to move [him] to [the] Bibb County Jail to punish [him]." (*Id.*) Plaintiff avers that from April 2010 until March 2011, he was physically abused by inmates at the Bibb

County Correctional Facility (hereinafter "Bibb County"). (*Id.*) Plaintiff states that he, his family members, and various officials at the Bibb County Law Enforcement Center requested that he be returned to the Peach County Jail. According to Plaintiff, Sheriff Terry Deese would not let him return because he wanted to punish Plaintiff. (Compl. 4-5.) Plaintiff maintains that Sheriff Deese and District Attorney Jones (who is allegedly friends with the victim named in Plaintiff's aggravated stalking charge) made him remain in the Bibb County Law Enforcement Center for eleven months solely to punish him. (*Id.* at 5.)

After a preliminary review of Plaintiff's complaint, the claims against Defendants Deese and Jones were allowed to go forward. Defendant Jones has moved to dismiss claiming, *inter alia*, that Plaintiff failed to exhaust his administrative remedies regarding the claim that Defendants moved Plaintiff to Bibb County to punish him. (Br. in Supp. of Mot. to Dismiss 6-8, ECF No. 19-1.) Defendant Deese moves for summary judgment and therein joins Defendant Jones' motion to dismiss wherein Defendant Jones argues for dismissal based on a failure to exhaust. (Br. in Supp. of Mot. for Summ. J. 7-8, ECF No. 26-2.) For the reasons explained below, the Court recommends dismissal of Plaintiff's Complaint for failure to exhaust his administrative remedies. The Court also denies Plaintiff's motions for appointment of counsel and for copies and recommends denying as moot Plaintiff's motion for a preliminary injunction.

2

**DISCUSSION**

I.  **Plaintiff's Motions for Appointment of Counsel**

Plaintiff moves for appointment of counsel in this case (ECF Nos. 8, 18).  Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."  However, there is "no absolute constitutional right to the appointment of counsel."  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).  Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.  Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Furthermore, given that it is recommended that Plaintiff's Complaint be dismissed, Plaintiff's motion to appoint is denied.

II.  **Failure to exhaust administrative remedies**

Defendant Jones moves to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies.  Likewise, Defendant Deese asserts in his motion for summary judgment that Plaintiff's Complaint should be dismissed for failure to exhaust.  Plaintiff admits in his Complaint that he did not exhaust his administrative remedies (Compl. 2), but later claims that Bibb County "does not offer administrative remedies."  (Pl.'s Surreply to Mot. to Dismiss 3, ECF No. 25.)

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

4

Defendants move to dismiss for lack of exhaustion claiming that Bibb County Correctional Facility had a grievance procedure in place, but that Plaintiff failed to utilize this procedure. (Br. in Supp. of Mot. to Dismiss 6-8.) Plaintiff states in his Complaint that he did not file a grievance because he is no longer at Bibb County. (Compl. 2.) In his response and surreply to the motion to dismiss, Plaintiff further contends that Bibb County had no administrative remedies. (Pl.'s Resp. to Mot. to Dismiss 4, ECF No. 23; Pl.'s Surreply to Mot. to Dismiss 3.) Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, the Court will assume that Plaintiff has created a question of fact regarding the availability of the administrative remedies. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011). Thus, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.

Since the Complaint was not dismissed at the first step, the Court can then make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Defendant here has met that burden.

Defendant has established that Bibb County has a procedure that is provided to the inmates for grievances. (Jackson Aff. ¶¶ 6-8, Ex. A-1, Dec. 5, 2012, ECF No. 19-6.) Inmates are provided with a copy of an Inmate Handbook when they enter Bibb County, which provides instructions regarding grievances. (Jackson Aff. ¶ 7.) The Handbook mandates that an inmate must follow a two-step process in order to exhaust his remedies. (Jackson Aff. ¶8, Ex. A-1 at 11.) First, an inmate must file a grievance "when he/she

5

believes that he/she has been subject to abuse, harassment, abridgment of civil rights, or denied privileges specified in the posted rules." (Jackson Aff. Ex. A-1 at 11.) If the inmate is not satisfied with the results of the initial grievance, he must appeal the decision to the Grievance Coordinator "who will then present the appeal to the Corrections Major[]" and reply within ten days. (*Id.*) "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed a grievance and appeal concerning his claims.

    Plaintiff here filed no grievance or appeal concerning his claim that Defendants moved him to Bibb County in order to punish him. Furthermore, Plaintiff filed no grievance concerning any alleged assault by other inmates or asking to be transferred to another jail. (Jackson Aff. ¶ 9.) Plaintiff contends that he was not able to file a grievance because the Bibb County staff would only come onto his cell block in order to feed the inmates. (Pl.'s Resp. to Mot. to Dismiss 4.) This argument, however, is unavailing. Plaintiff has not stated how the grievance procedure was unavailable to him since he admittedly had contact with Bibb County officers. Plaintiff has failed to present any evidence to show that there was a lack of an available administrative remedy. Plaintiff here did not follow the grievance procedures and failed to exhaust his administrative remedies regarding his failure to protect claim. Consequently, Defendants' motions seeking dismissal for failure to exhaust should be granted.

### III. Plaintiff's Other Pending Motions

Plaintiff also has pending a motion for preliminary injunction asking this Court to order the Defendants to stop "harassing" him. (ECF Nos. 12, 14.) Because it is recommended that Plaintiff's complaint be dismissed, it is further recommended that Plaintiff's motion for a preliminary injunction be denied as moot. Defendant also requests that the Court grant his motion for copies from the Autry State Prison. Specifically, Plaintiff wants this Court to issue an order directing the Autry State Prison to provide Plaintiff with free copies. This request is denied as it is recommended that Plaintiff's Complaint be dismissed.

### CONCLUSION

For the reasons explained above, Defendants' motion to dismiss and motion for summary judgment should be granted for Plaintiff's failure to exhaust his administrative remedies. Likewise, Plaintiff's motion for a preliminary injunction should be denied as moot. Plaintiff's motions to appoint and motion for copies are denied.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant Jones' Motion to Dismiss (ECF No. 16) and Defendant Deese's Motion for Summary Judgment (ECF No. 26) be GRANTED. Plaintiff's motion for a preliminary injunction (ECF Nos. 12,14) should be DENIED as moot. Plaintiff's motions for appointment of counsel (ECF Nos. 8, 18) and motion for copies (ECF No. 35) are DENIED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 20th day of June, 2013.

                                                  S/ Stephen Hyles
                                                  UNITED STATES MAGISTRATE JUDGE